

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-16-2007

# Steele v. Boeing Co

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5274

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Steele v. Boeing Co" (2007). *2007 Decisions.* Paper 1459.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1459

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

NO. 05-5274
_____

THOMAS STEELE,
Appellant

v.

THE BOEING COMPANY;
AETNA LIFE INSURANCE COMPANY
_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. No. 05-cv-00392)
District Judge: Honorable Robert F. Kelly
_____

Argued February 15, 2007

Before: SMITH and FISHER, *Circuit Judges* and
DOWD, *District Judge*.[*]

(Filed: March 16, 2007)

*Counsel for Appellant*
Mark S. Pinnie (Argued)
Barnard, Mezzanotte & Pinnie
218 West Front Street
P.O. Box 289
Media, PA 19063

*Counsel for Appellees*

---

[*]Honorable David D. Dowd, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

Eric J. Bronstein
Kathryn Schilling (Argued)
Elliott, Greenleaf & Siedzikowski
925 Harvest Drive
Suite 300, Union Meeting
Corporate Center V
Blue Bell, PA 19422

————————————————

OPINION

————————————————

DOWD, *District Judge*.

This is an action arising under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA"). Plaintiff/Appellant, Thomas Steele ("Steele"), appeals the November 7, 2005 decision of the District Court granting the motion for summary judgment filed by the Defendant/Appellee, Aetna Life Insurance Company ("Aetna"), and denying the cross-motion for summary judgment filed by Steele. The District Court, after review of the administrative record, determined that Aetna did not act arbitrarily and capriciously in terminating Steele's short term disability ("STD") benefits. For the reasons set forth below, we will vacate the decision of the District Court and we will remand for proceedings consistent with this opinion.

**I.**

Steele was employed as a logistics specialist by Defendant/Appellee, The Boeing Company ("Boeing") from May 1985 until August 18, 2003. As a Boeing employee, he participated in an ERISA disability benefits plan administered by Aetna.

2

In September 2003, Steele applied for STD benefits due to severe lower and upper extremity pain, overall joint pain, fatigue and depression. As noted in his disability application, Steele was unable to perform the primary tasks associated with his job, namely, sitting at his desk for lengths of time reviewing designs, handwriting and typing; even walking, while on occasional site visits, was extremely difficult for Steele.

On September 9, 2003, Steele was approved for STD benefits effective August 27, 2003. He was informed that, if he was still disabled after December 16, 2003, he would need to submit a report from his physician to further substantiate the disability. In any event, his STD benefits would continue for a maximum of twenty-five weeks (until approximately February 17, 2004), after which he would be evaluated for long-term disability ("LTD") benefits. Since Steele remained disabled on December 16, 2003, his doctor submitted the required additional documentation.

By letter dated January 14, 2004, Aetna informed Steele that he was no longer disabled from his "own occupation" and that his STD benefits had been terminated effective December 16, 2003. The letter stated, in part: "Given the diagnosis of Reflex Sympathetic Dystrophy or Fibromyalgia to be of the severity to be considered a disability we would expect to find exam/test findings that indicate severe degenerative changes or cord compression requiring surgical intervention." (Supp. App. 196).

In response to this denial letter, Steele supplied an assessment by an orthopedic surgeon who had treated him for twenty years and who informed Aetna: "As you are aware, there is no diagnostic test specific for fibromyalgia." (Supp. App. 199). This

physician also pointed out that Steele was "yet again more frail," that he exhibited "forward slumped posture" and "diffuse tenderness," although, admittedly "his rheumatologic workup has been negative." (*Id*.). The doctor concluded, based on the extreme pain which Steele exhibited, which sometimes precipitated vomiting in the changing room following his physical therapy sessions, that "[i]n my opinion, within a reasonable degree of medical certainty, his symptoms are real and profound in spite of the fact that I cannot document them with an objective medical test." (Supp. App. at 200).

By letter dated February 18, 2004, Aetna rejected the physician's submission, finding that there was no "indication of current objective and/or diagnostic documentation that would support a severe impairment that would preclude [Steele] from returning to [his] usual job duties." (Supp. App. 202).

On October 6, 2004, following administrative review by a doctor employed by Aetna, the denial of STD benefits was communicated to Steele by an Aetna Senior Technical Specialist. He stated that, although "[t]he [medical] consultant found the file to support the presence of a chronic pain syndrome of a longstanding nature[ ]" (Supp. App. 231), "[i]n the absence of significant corresponding pathology, the reporting of pain by itself cannot be the sole determinant in establishing disability." (Supp. App. 232). Aetna concluded that there was "no support for specific physical limitations or restrictions that would preclude Mr. Steele's previous functional duties on a full-time basis; and no physical evaluations that support findings of impairment precluding the requirements on the job descriptions provided by Boeing." (Supp. App. 231).

4

On November 7, 2005, the District Judge issued a memorandum reviewing the administrative proceedings and concluding that Aetna's denial of Steele's disability benefits was not arbitrary and capricious. Steele appealed.

**II.**

Courts ordinarily review an ERISA benefits decision *de novo*. *Abnathya v. Hoffmann-La Roche, Inc.*, 2 F.3d 40, 44-45 (3d Cir.1993) (citing *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 115, 109 S.Ct. 948, 956-57, 103 L.Ed.2d 80 (1989)). However, when the benefit plan gives the administrator discretion to determine eligibility for benefits or to construe the terms of the plan, courts apply an arbitrary and capricious standard of review. *Id*. at 45. "Under the arbitrary and capricious (or abuse of discretion) standard of review, the District Court may overturn a decision of the plan administrator only if it is without reason, unsupported by substantial evidence or erroneous as a matter of law." *Id*. (internal quotations and citation omitted). "This scope of review is narrow, and the court is not free to substitute its own judgment for that of the defendants in determining eligibility for plan benefits." *Id*. (internal quotations and citation omitted).

**III.**

We begin our review with the ERISA plan itself which, with respect to short-term disability, stated as follows:

> You will be deemed to be disabled if you are not able, solely because of a disease or injury, to perform the material duties of your own occupation. You will not be deemed to be performing the material duties of your own occupation if: you are performing some of the material duties of your own occupation; and solely due to disease or

5

injury, your income is 80% or less of your predisability earnings.

(Supp. App. 102).

The three critical dates in the factual scenario are January 14, 2004, when Aetna communicated the initial denial of the remaining weeks of Steele's STD benefits; February 18, 2004, when Aetna rejected the additional documentation supplied by Steele's physician; and October 6, 2004, when Aetna communicated its affirmance of those two denials.

As to the January 14, 2004 initial denial, the District Court properly observed that Aetna's requiring of "exam/test findings that indicate severe degenerative changes or cord compression requiring surgical intervention" (Supp. App. 196) was an "inappropriate reason" for denying STD benefits because "fibromyalgia is a condition that cannot be proved objectively." (Supp. App. 24, 25). "By asking for objective evidence for a condition that cannot be proved objectively, Aetna was demanding what cannot exist." (Supp. App. 25).

Although the District Judge did not specifically address the February 18, 2004 letter, he did note that "[f]rom its first denial on January 14, 2004, until its final denial of Steele's appeal on October 6, 2004, Aetna's Plan Administrator cited the inappropriate reason that Steele's short-term disability benefits were denied because the treating physician's [sic] lacked objective medical evidence that showed Steele suffered from fibromyalgia or 'chronic pain syndrome.'" (Supp. App. 24-25). "By requiring a 'significant corresponding pathology' to accompany any reports of pain and three treating

physician's [sic] determination that Steele was totally disabled, Aetna's Plan Administrator is predisposed to reject every disability claim that is based on fibromyalgia. . . . By requiring 'significant corresponding pathology' to accompany diagnoses based on subjective complaints of pain, Aetna's Plan Administrator creates a standard that arbitrarily and capriciously eliminates all disability claims based on fibromyalgia." (Supp. App. 26).

Notwithstanding those completely correct observations, the District Court, in reliance on *Mitchell v. Eastman Kodak Co.*, 113 F.3d 433, 440 (3d Cir. 1997), concluded that, based on the record as a whole, denial of STD benefits was supported by substantial evidence. The District Court concentrated on "all the materials that were before Aetna at the time of its October 6, 2004 letter reaffirming the previous denials of Steele's claim." (Supp. App. 19). This included a review of Steele's medical records which had been conducted on September 24, 2004 by Rick Snyder, D.O., M.P.H. The District Court noted: "The outcome of this case is determined by whether the Aetna Plan Administrator's reliance on Dr. Snyder's opinion, as opposed to Steele's treating physicians, constitutes substantial evidence and a fair reading of the record." (Supp. App. 20). The District Court concluded that the record supported the denial.

As properly pointed out by the District Court, ERISA, unlike the Social Security regulations, does not apply a "treating physician" rule. *Black & Decker Disability Plan v. Nord*, 538 U.S. 822, 829, 832-33 (2003). However, plan administrators "may not arbitrarily refuse to credit a claimant's reliable evidence, including the opinions of the

7

treating physician[,] . . . nor may courts impose on plan administrators a discrete burden of explanation when they credit reliable evidence that conflicts with a treating physician's evaluation." *Id*. at 834.

Dr. Snyder, a doctor employed by Aetna, concluded that the only supported diagnoses were "chronic pain disorder, a history of acne vulgaris, and a probable depressive disorder." (Supp. App. 237). Dr. Snyder rejected the disability determination of *all* of Steele's treating physicians because they had "various and differing opinions" as to the *cause* of Steele's condition. (*Id*.). He therefore concluded that Steele could not be disabled. Dr. Snyder did not point to any "reliable evidence that conflict[ed] with a treating physician's evaluation." *Nord*, 538 U.S. at 834. If he had, this court would be constrained to conclude that there was substantial evidence supporting the denial. Rather, he simply rephrased the inappropriate reasons originally given for the denial, namely, that there was no objective evidence of a condition that cannot be proven objectively.

Applying the arbitrary and capricious standard, we conclude that the District Court erroneously determined that Aetna's decision to deny STD benefits was supported by substantial evidence. In our view, Steele was entitled to an award of the full twenty-five weeks of STD benefits. This, in turn, would have made him eligible to apply for LTD benefits, an application which, to date, he has not been able to make.[1]

---

[1]We note, as did the District Court, that "[t]his case involves the sole determination of whether Steele is entitled to short-term disability benefits." (Supp. App. 18, n.3). Although we now hold that Steele is entitled to the full twenty-five weeks of STD benefits, we make no determination as to LTD benefits. Presumably, after this case is

**IV.**

We conclude that the plan administrator did not have substantial evidence for denial of the full range of STD benefits. Therefore, we will vacate the judgment of the District Court and remand for proceedings consistent with this opinion.

---

remanded and Steele is awarded the remainder of his STD benefits, he will apply for LTD benefits. If he does so, the application will have to proceed according to the usual administrative process. We assume that neither the employer nor the plan administrator will attempt to raise any argument that an LTD application would be time-barred.